## Louisville Water Co. v. Williams.

(Decided October 19, 1910.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

Witnesses—Demeanor—Credibility—Number—Weight.— The demeanor of a witness often throws great light upon his credibility, and the verdict of a jury having the witness before them is rarely disturbed simply because the number of witnesses on one side is greater than on the other. It is the familiar case where one witness swearing positively to a fact as to which he could not be mistaken if truthful, is believed by the jury rather than several witnesses who, though equally sincere, might be easily mistaken. Witnesses are to be weighed, not counted, and verdicts will not be set aside on mere numerical weight of evidence unless supported by circumstances.

CARROLL & MIDDLETON for appellant.

O'DOHERTY & YONTS and A. J. BIZOT for appellee.

Opinion of the Court by Judge Hobson—Affirming.

John T. Williams was a laborer on a night crew of men in the service of the Louisville Water Company. There were fifteen or sixteen men in the crew, engaged in digging a ditch in which a main was to be placed. According to the evidence for Williams, he was digging down in the ditch, which was ten or twelve feet deep, and being wet and cold he came out to warm his hands at the fire which had been kindled under the kettle near by. While he was there warming, the foreman told him to go across the street and bring some buckets, and as he crossed the street to get the buckets at the command of the foreman, he fell into a manhole which had been opened while he was down in the pit, and had been left open without his knowledge. By the fall his shoulder blade was broken and he received other injuries for which he sued. On a trial of the case he recovered a verdict and judgment for $750.00. The Water Company appeals.

The main complaint on the appeal is that the verdict is palpably against the evidence. The foreman, Brown, testified that he opened the manhole to send some men down into it to turn off the water, this having become necesssary from its leaking into the pit they were digging; that when the top was removed from the manhole Williams and a man named Durham were standing there and he told them to watch the hole and not let anybody fall into it; that not long after this, and while Williams was still standing there, he told Williams to get the buckets, and that in going for the buckets, Williams fell into the hole which Brown had told him to watch. Brown's testimony is confirmed more or less by Durham, and by three or four other men in the gang, and there was no testimony as to Williams' version of the matter except his own. The court by his first instruction to the jury distinctly told them that if the plaintiff knew that the manhole was open, he could not recover, and by another instruction he predicated the plaintiff's right to recover on the fact "that the uncovered condition of said manhole was unknown to the plaintiff." So the finding of the jury is a finding that Williams did not know that the manhole had been uncovered. The circuit court in an opinion which is a part of the record refused to disturb the verdict of the jury upon the ground that he was particularly impressed by the evident sincerity of

the plaintiff's testimony, and that "remembering the demeanor of the various witnesses," the court could not say that the verdict was not sustained by the evidence. The demeanor of the witnesses, of course, is not shown in the record before us; but, for the reason that the demeanor of a witness often throws great light upon his credibility, the verdict of a jury having the witnesses before them is rarely disturbed simply because the number of witnesses on one side is greater than on the other. According to Williams' testimony, he was standing at the kettle warming when he was told by the boss to get the buckets. It is conceded by all the witnesses that the boss then addressed him by name. It is also testified by all the witnesses except Williams that the boss told two men to watch the hole, but that he addressed neither of them by name. There were sixteen men in the gang, and in the night those who were about the place might be mistaken as to the man they saw there with Durham, but Williams could not be mistaken in his testimony. He was either in the pit digging when the hole was opened and went from there to the kettle, or he has sworn falsely. It is the familiar case where one witness swearing positively to a fact as to which he could not be mistaken, if truthful, is believed by the jury rather than several witnesses who, though equally sincere, might be easily mistaken. It was not unnatural that in a bad light one man might be mistaken for another, especially as none of the witnesses testified to talking with Williams, or hearing him say anything. Witnesses are to be weighed, not counted, and verdicts will not be set aside on mere numerical weight of evidence unless supported by circumstances. (See Howard v. Louisville Water Co., 105 S. W. 932).

Complaint is made of the third instruction, but the issue in the case was so simple, and was so clearly stated to the jury by the instructions taken as a whole, that the jury could not have been misled. In the third instruction, the jury were told that they could not find for the plaintiff if he knew of the uncovered condition of the manhole.

Judgment affirmed.